UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TODD C. HUGHES,

    Petitioner,

-vs-                                                      Case No. 8:08-CV-492-T-30TGW

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## **O R D E R**

This matter is before the Court for consideration of Petitioner's Motion to Stay and Hold Federal Writ of Habeas Corpus in Obeyance [sic] (hereinafter "motion to stay") in which he moves the Court to hold these proceedings in abeyance until he has exhausted a *Brady*[1] violation claim in state court (Dkt. 27). Petitioner also has filed a Motion for Appointment of Counsel (Dkt. 26).

**Motion for Appointment of Counsel**

Appointment of counsel is justified only by exceptional circumstances such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner. *See Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Because this Court is of the opinion that there are not exceptional circumstances in this action, Petitioner's

---

[1] *Brady v. Maryland,* 373 U.S. 83 (1963).

motion for appointment of counsel will be denied. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992). The Court will reconsider Petitioner's request on its own motion should it later appear to be in the interest of justice to appoint counsel.

**Motion to Stay**

Petitioner wants to return to state court to exhaust a *Brady* violation claim which Petitioner claims is a "newly discovered claim...that he could not have known without the prosecution providing such information." (Dkt. 27 at p. 1). Petitioner fails to provide any facts or details regarding the nature of his alleged *Brady* claim.

District courts may order a stay and abeyance of mixed petitions only "in limited circumstances." *Thompson v. Sec'y for the Dep't of Corr.*, 425 F.3d 1364, 1365-66 (11th Cir. 2005) (citing *Rhines v. Weber*, 544 U.S. 269, 270 (2005) (finding that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims.")). A stay and abeyance is warranted where "(1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Id*. at 1366 (citation omitted). In the instant case, Petitioner has not met the second prong of this test by demonstrating that his *Brady* violation claim is "potentially meritorious."

Petitioner has not met his burden to demonstrate that holding this proceeding in abeyance is warranted. A stay would merely prolong federal habeas review to no avail, in

contravention of the Antiterrorism and Effective Death Penalty Act of 1996's goal of "finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 278.

Accordingly, the Court **ORDERS** that:

1. Petitioner's Motion for Appointment of Counsel (Dkt. 26) is **DENIED**.

2. Petitioner's motion to stay (Dkt. 27) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 26, 2009.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Petitioner
Counsel of Record

3